TIMOTHY COURCHAINE
United States Attorney
District of Arizona

TRAVIS L. WHEELER
Arizona State Bar No. 036083
ADDISON OWEN
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Travis.Wheeler@usdoj.gov
Email: Addison.Owen@usdoj.gov
Attorneys for Plaintiff

FILED ☐   LODGED ☒
Aug 14 2025
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-08090-PCT-DJH |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Felipe Arturo Avalos-Mejia, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, FELIPE ARTURO AVALOS-MEJIA, hereby agree to resolve this matter on the following terms and conditions:

**1.   PLEA**

The defendant will plead guilty to Count 1 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 659 and 2 Possession or Receipt of Goods Stolen from an Interstate Shipment, Aid and Abet, a Class C felony offense.

**2.   MAXIMUM PENALTIES**

a.   A violation of 18 U.S.C. §§ 659 and 2 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten years, or both, and a term of

supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

      b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

            (1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

            (2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

            (3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

            (4)      pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

      c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

      d.      The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

3. **AGREEMENTS REGARDING SENTENCING**

   a. <u>Stipulation: Sentencing Cap</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall be between 5 to 7 years in prison followed by supervised release.

   b. <u>Stipulation: Role in the Offense</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant was an organizer or leader in the criminal activity involving five or more people.

   c. <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss, in an amount no more than $10,000,000.00, to all victims directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

   d. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or

probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

  e. <u>Recommendation: Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.** **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

  This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.** **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

  a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

  b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used

against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Possession or Receipt of Goods Stolen from Interstate Shipment, Aid and Abet**

**18 U.S.C. §§ 659 and 2**

To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of Possession or Receipt of Goods Stolen from Interstate Shipment by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

On or between June 8, 2023, and June 21, 2024, in the District of Arizona:

1. The defendant or someone else knowingly committed the crime of Possession or Receipt of Goods Stolen from Interstate Shipment by:

(1) The defendant or someone else knowingly received or possessed goods and chattels;

(2) The defendant knew the goods and chattels had been stolen;

      (3)      The goods and chattels were part of an interstate or foreign shipment; and

      (4)      The goods and chattels had a value of $1000.00 or more.

2. The defendant aided, counseled, commanded, induced, procured or assisted with respect to at least one element of Possession or Receipt of Goods Stolen from Interstate Shipment;

3. The defendant acted with the intent to facilitate the Possession or Receipt of Goods Stolen from Interstate Shipment; and

4. The defendant acted before the crime was completed.

**10.** **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On or between June 8, 2023, and June 21, 2024, in the District of Arizona and elsewhere, Defendant FELIPE ARTURO AVALOS-MEJIA, knowingly aided and abetted known and unknown individuals in burglarizing multiple BNSF trains, and stealing goods and chattels from those trains, while they were moving in interstate commerce from California through Arizona. Defendant acted as the coordinator of the burglary crew ring, directing, managing, and supervising the conduct of other burglary crew members.
>
> Specifically, on or about June 8, 2023, Defendant and others, known and unknown, participated in the burglary of a BNSF train just west of Flagstaff, Arizona, stealing approximately 972 pairs of Nike Shoes, with a total value of approximately $218,700.00.
>
> On or about July 11, 2023, Defendant and others, known and unknown, participated in the burglary of a BNSF train near Flagstaff, Arizona, stealing approximately 904 boxes of Turtle Beach Stealth Pro Headsets, with a total value of approximately $596,621.92.
>
> On or about March 1, 2024, Defendant and others, known and unknown, participated in the burglary of a BNSF train in Navajo County, Arizona. Defendant served as a manager and lookout for the burglary crew. When Navajo County Sheriff's Officers encountered members of the burglary crew actively burglarizing the train, Defendant instructed a co-conspirator to use Defendant's phone to place a false 911 call for service to Navajo County Sheriff's Office dispatch to distract and redirect law enforcement away from the BNSF burglary events.
>
> On or about March 15, 2024, Defendant and others, known and unknown, participated in the burglary of a BNSF train near Flagstaff, Arizona, stealing

approximately 468 pairs of Nike shoes, with a value of approximately $84,000.00.

On April 13, 2024, Defendant and others, known and unknown, participated in the burglary of a BNSF train near Flagstaff, Arizona, stealing approximately 1,188 pairs of Nike shoes, with a value of approximately $225,720.00.

On or about June 20, 2024, California local law enforcement agencies in conjunction with California Homeland Security Investigations (HSI) agents executed search warrants at 11 residences and 16 storage units related to the ongoing train burglary activity in California and Arizona. The operation resulted in the seizure of more than $4,000,000.00 worth of merchandise stolen from BNSF trains.

During the June 20, 2024 operation, Defendant was encountered by law enforcement attempting to execute a search warrant at one of Defendant's known residences in Helendale, California. The search of Defendant's Helendale residence recovered approximately 444 pairs of stolen Nike shoes, with an estimated value of $39,960.00.

On June 21, 2024, agents located Defendant at a restaurant in Huntington Park, California, meeting with three other individuals, one of whom is a known co-conspirator in the train burglary ring. Agents apprehended Defendant.

b.  The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

//
//
//
//

1  I am satisfied that my defense attorney has represented me in a competent manner.

2  I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date  7-23-25

FELIPE ARTURO AVALOS-MEJIA
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Spanish to the defendant on the 23 day of July, 2025.

Date 7-23-25

ERNEST LUTZ
Attorney for Defendant

- 10 -

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Digitally signed by TRAVIS WHEELER
Date: 2025.07.25 12:13:08 -07'00'

_____   _____
Date                                                  TRAVIS L. WHEELER
                                                             ADDISON OWEN
                                                             Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

_____   _____
Date                                                  HONORABLE DIANE J. HUMETEWA
                                                             United States District Judge